Filed 6/6/22  P. v. Hale CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　v.<br><br>TRACEY BERNARD HALE,<br><br>　　　Defendant and Appellant. | B312810<br><br>Los Angeles County<br>Super. Ct. No. TA149043 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michelle M. Ahnn, Judge.  Affirmed.

William Paul Melcher, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Zee Rodriguez, Supervising Deputy Attorney General, and Michael C. Keller, Deputy Attorney General, for Plaintiff and Respondent.

———————————

A jury convicted Tracey Bernard Hale of robbery.  He appeals, arguing the trial court should have instructed on simple theft.  We affirm.  Statutory citations are to the Penal Code.

On May 22, 2019, Hale and a companion approached Mynor Espinoza in a liquor store.  Hale asked Espinoza his name and looked at the gold chain around his neck.  Then Hale and his companion went to wait at the store's entrance.

Fearing robbery, Espinoza stayed inside.  But Hale approached Espinoza from behind, put his arm around his neck, and dragged Espinoza to a back corner.  There, Hale turned Espinoza toward the wall, demanded money, and took Espinoza's wallet from his pants pocket.  He took $180 and a debit card from the wallet, threw the wallet and other contents on the ground, and told Espinoza to use his card to get money from the ATM.  Espinoza refused, and Hale threw the card at him.  Hale pushed Espinoza's head down, told him to look at the ground, and unclasped the gold chain from his neck.  Hale and his companion left.  Espinoza called police, who arrived and gathered evidence, including video footage of Hale pulling Espinoza out of the frame by the neck.

Espinoza testified to this account at trial, and prosecutors played the video.  The store owner testified he too heard Hale ask Espinoza, "What's your name?"

A cashier at the store also testified.  He recounted he saw Hale and Espinoza arguing and heard Hale say to Espinoza, "Were you the one who was near my car?" and "Did you just spit on me?"  He saw Hale put Espinoza in a headlock and drag him away.  The cashier left the counter and told the men to leave.  He did not see Hale take anything from Espinoza or carry any

2

jewelry. Espinoza did not tell the cashier or store owner Hale robbed him.

When police arrested Hale that same day, he had only $12 in cash and no chain matching Espinoza's description.

At trial, the court instructed the jury on robbery but not theft. Denying Hale's request to instruct on theft, the court said, "there is no evidence to support petty theft. All the evidence shows that there was force used during the video and testimony of the witness." The jury found Hale guilty of second degree robbery. (§ 211.)

Hale challenges his conviction, arguing the trial court had an independent duty to instruct on the lesser included offense of theft. (See *People v. Breverman* (1998) 19 Cal.4th 142, 154.)

Robbery is "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (§ 211.) Theft lacks the element of force or fear and is a lesser included offense of robbery. (§ 484; *People v. Ramkeesoon* (1985) 39 Cal.3d 346, 351 (*Ramkeesoon*).) The trial court is not required to instruct on theft unless there is some evidentiary basis on which the jury could find the offense to be less than robbery. (*People v. Gonzalez* (2021) 59 Cal.App.5th 643, 650 (*Gonzalez*).)

Hale conceded he used force on Espinoza. Video evidence confirmed it. At trial, defense counsel argued Hale merely assaulted Espinoza and did not take anything from him. In closing argument, he described the casual behavior of shoppers and staff during the back corner incident and emphasized the fact the necklace and cash were never found. He invited the jury to find Espinoza's testimony incredible and to conclude "[t]here was a battery, but not a robbery."

3

Hale presents a different theory on appeal. He cites *Ramkeesoon, supra*, 39 Cal.3d 346 to argue the theft was separate and subsequent to the assault. He says a reasonable jury could find Hale "had not thought about stealing any of Espinoza's property until after the assault was completed, and after the two had their conversation or argument."

In *Ramkeesoon*, the defendant offered evidence at trial of a later-formed intent to take. He testified he killed a man in self-defense, and it only occurred to him to take the dead man's property on his way out. (*Ramkeesoon, supra*, 39 Cal.3d at pp. 348–350.) The trial court refused to instruct on simple theft, and the Supreme Court reversed. (*Id*. at pp. 350–353.) Because the defendant admitted to taking the property but disputed when he decided to take it, the error had left the jury with an " 'unwarranted all-or-nothing choice' " between acquittal and robbery. (*Id*. at p. 352.) The defendant's account of events was evidence, and its credibility a question for the jury. (*Id*. at p. 351.)

This case does not track *Ramkeesoon*. No evidence suggests Hale formed the intent to rob Espinoza only after assaulting him. (See *People v. Wilson* (2021) 11 Cal.5th 259, 298 [no independent duty to instruct on theft when "little, if any, evidence" suggested post-assault intent to steal].) On the contrary, Espinoza testified he feared robbery from the moment Hale approached him, and video showed Hale drag Espinoza by force to a secluded corner. Hale's defense was to undermine Espinoza's credibility and attack the taking element of robbery. The cashier's testimony contradicted Espinoza's on that element, not when Hale's larcenous intent arose.

4

Even considering the events of the corner alone, pushing a victim's head down and removing his wallet from his pants and chain from his neck satisfies the force or fear element of robbery. (See *Gonzalez, supra,* 59 Cal.App.5th at p. 650 [yanking a necklace or tapping a shoulder is sufficient force for robbery].) Hale does not address this second use of force.

The jury's choice was all-or-nothing:  did Hale take or not take?  Because force was obvious and uncontested, this choice was warranted.  The trial court had no duty to instruct otherwise.

## DISPOSITION

The judgment is affirmed.


WILEY, J.


We concur:



STRATTON, P. J.



HARUTUNIAN, J.*

*       Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.